**LINDNER FUND, INC., et al., Plaintiffs,**

v.

**POLLY PECK INT'L PLC, et al., Defendants.**

**No. 91 Civ. 6481 (JFK).**

United States District Court, S.D. New York.

Dec. 21, 1992.

Bader and Bader, White Plains, NY, I. Walton Bader, of counsel, for plaintiffs.

Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, Harold J. Moskowitz, Thomas W. Hyland, John E. Iannotti, of counsel, for defendant Stoy Hayward.

## OPINION AND ORDER

KEENAN, District Judge.

### INTRODUCTION

Before the Court is the motion of Defendant Stoy Hayward, a British accounting firm, to dismiss the action for lack of personal jurisdiction, failure to state a claim, failure to plead fraud with particularity, lack of subject matter jurisdiction, and under the doctrine of forum non conveniens. Fed.R.Civ.P. 12(b)(2), (6), 9(b). For the reasons that follow, Defendant's motion to dismiss is granted.[1]

### BACKGROUND

In the third quarter of 1990, Asil Nadir, the then-chairman of Polly Peck International PLC, made an aborted bid to take the company private. Polly Peck, a publicly held conglomerate organized under United Kingdom law and headquartered in London, is a holding company for a network of over 200 subsidiaries worldwide. In the wake of Nadir's failed attempt, investors and bank creditors began to lose confidence in the company, and were unwilling to extend Polly Peck the credit it required to fund its day-to-day activities. Polly Peck's ordinary stock was taken off the London stock exchange in October 1990, and Polly Peck ultimately entered insolvency proceedings that are estimated to be the largest in the history of the United Kingdom: Polly Peck has approximately 2,000 creditors, not including shareholders, whose claims presently amount to approximately $2.3 billion.[2]

In the midst of this complex administration, Plaintiffs filed this lawsuit claiming violations of the Securities Exchange Act of 1934, Sections 18 and 27, and negligence. Plaintiffs purchased Polly Peck ordinary stock, or American Depositary Receipts

1. Stoy Hayward is the last remaining defendant. Plaintiff obtained a default judgment against Defendant Asil Nadir on October 19, 1992, and the Court dismissed the action as to Defendant Polly Peck International PLC by Opinion and Order dated July 7, 1992. Plaintiff has chosen not to proceed against Defendants John Turner, David S. Fawcus and Mark Ellis.

2. For further detail on the insolvency proceedings, see Opinion and Order, 91 Civ. 6481 (JFK), July 7, 1992.

("ADRs"),[3] in the United States between December 21, 1987 and August 21, 1990. Plaintiffs assert that Defendant Stoy Hayward, a British accounting firm, audited Polly Peck's group accounts from 1985 to 1989.[4] Polly Peck ultimately incorporated Defendant's group audit report into its annual reports, which were filed with the Securities Exchange Commission. Plaintiffs contend that the annual reports contained false and misleading information, including the group audits, that wrongfully induced them to invest in Polly Peck.

## DISCUSSION

■ "At the outset of any forum non conveniens inquiry, the court must determine whether there exists an alternative forum. Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22, 102 S.Ct. 252, 265 n. 22, 70 L.Ed.2d 419 (1981) (quoting *Gulf Oil v. Gilbert*, 330 U.S. 501, 506–07, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947)). In *Gulf Oil v. Gilbert*, the Supreme Court outlined the private and public interests that a district court should weigh in deciding whether to refuse jurisdiction pursuant to the doctrine of forum non conveniens. The private interests to be considered include

> relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses ... and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained.

*Gulf Oil v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). The court is to weigh the "relative advantages and obstacles to a fair trial," *id.*, and should consider public interest factors such

as congestion in the courts, local relation to the controversy, and the imposition of jury duty on a community that has no relation to the litigation. *Id.* at 508–09, 67 S.Ct. at 843. Consideration of the *Gilbert* factors "leaves much to the discretion" of the trial judge. *Id.* at 508, 67 S.Ct. at 843.

### A. Existence of an Alternative Forum

■ In this case, there is clearly an alternative forum. Defendant Stoy Hayward has represented both in its motion papers and to the Court during oral argument that it will consent to the jurisdiction of the English courts. Accordingly, Defendant is not only "amenable to process" in England, but will not contest personal jurisdiction there. Plaintiffs' contention that England cannot be considered an adequate forum because it does not provide precisely the same remedies is unpersuasive. "Some inconvenience or the unavailability of beneficial litigation procedures similar to those available in the federal district courts does not render an alternative forum inadequate." *Borden, Inc. v. Meiji Milk Products Co.*, 919 F.2d 822, 829 (2d Cir.1990) (quoting *Shields v. Mi Ryung Constr. Co.*, 508 F.Supp. 891, 895 (S.D.N.Y.1981)); *see also Alcoa S.S. Co. v. M/V Nordic Regent*, 654 F.2d 147, 150 (2d Cir.) (en banc) ("the prospect of a lesser recovery does not justify refusing to dismiss on the ground of forum non conveniens"), *cert. denied*, 449 U.S. 890, 101 S.Ct. 248, 66 L.Ed.2d 116 (1980).

### B. Private Interest Factors

The relative ease of access to sources of proof in this case suggests that England is the appropriate forum. The dispute over the propriety of Defendant's group audit implicates documents and other sources of proof that are located at Stoy Hayward's place of business in London. The documents regarding Stoy Hayward's audit are

---

**3.** ADRs are "negotiable certificates certifying that a stated number of securities of a foreign private issue have been deposited with a United States bank and will be held by such bank as long as the ADR remains outstanding." Defendant's Memorandum of Law in Support of Motion to Dismiss ("Def. Mem.") at 3.

**4.** As group auditors, Stoy Hayward reviewed the procedures carried out by the accounting firms that audited Polly Peck's subsidiaries. This procedure is apparently accepted under generally accepted accounting procedures in the United Kingdom. *See* Def.Mem. at 4–5.

located in London, as are documents regarding communications between Stoy Hayward and Polly Peck. Def.Mem. at 44. Further, most of the key witnesses in this action—the representatives of Stoy Hayward and Polly Peck—are all located in England. Def.Mem. at 45. None of Stoy Hayward's documents or witnesses are located in New York.

The relative availability of compulsory process to force attendance of unwilling witnesses also suggests that England is the more appropriate forum. Any witnesses to Stoy Hayward's audit that are not under Defendant's control would be located in England, not the United States; hence, this Court would be powerless to command their presence here. Because Plaintiffs themselves live outside of New York (specifically, in Missouri), their costs in importing willing witnesses from England into New York and in paying their own air fare from Missouri to New York would probably be greater than the cost of their flights to England.

Finally, Plaintiffs concede that they will not be able to collect on any judgment in the United States. Thus, even if this action were to continue, and Plaintiffs were ultimately to prevail, they would be forced to collect on their judgment in the United Kingdom, where all of Stoy Hayward's assets are located. *See* Declaration of Paul Anthony Hipps in Support of Defendant's Motion to Dismiss ("Hipps Dec.") at ¶ 8.

## C. Public Interest Factors

The public interest factors in this case weigh strongly in favor of forum-non-conveniens dismissal. New York has little direct interest in the outcome of this action. None of the Plaintiffs reside in New York, nor do any of the Defendants. Defendants' alleged wrongful acts did not occur in New York, and Plaintiffs make no allegations that the effects of those acts were felt in New York. In contrast, England has a particular interest in the outcome of this case. Stoy Hayward is an accounting

firm licensed by the British authorities; it audited another British concern, Polly Peck, which is now engaged in what is estimated to be the largest bankruptcy proceeding in British history.

All issues affecting Polly Peck and its creditors and shareholders are being addressed within the English administration proceedings. Polly Peck has already been dismissed as a Defendant in this case on grounds of international comity. *See* Opinion and Order, 91 Civ. 6481 (JFK), July 7, 1992. Further, the Companies Court of England and Wales has issued an order providing that the Polly Peck administrators, who have responsibilities akin to those of bankruptcy trustees, are charged with "investigating and, if appropriate, pursuing any claims that the Company may have against ... any professional advisor or former professional advisor of the Company." *See* Affidavit of Frederic Zepp in Support of Polly Peck's Motion to Dismiss, *Zeidenberg v. Polly Peck*, 91 Civ. 3246 (JFK). Because Plaintiffs are already pursuing their claim against Polly Peck in England, and because Polly Peck may have a cross-claim against Stoy Hayward, the most efficient use of judicial resources suggests that the British court should also review Plaintiffs' allegations against Stoy Hayward.[5] This is especially true in light of the court congestion in the Southern District of New York; the several vacancies on the court and the large influx of cases combine to make the docket virtually unmanageable.

Finally, the Court finds that it is neither efficient nor equitable to permit the case against Stoy Hayward to proceed while the action against the principal Defendant, Polly Peck, was dismissed in deference to the British bankruptcy proceedings. The English courts are already immersed in administering the Polly Peck bankruptcy, as well as resolving creditors' claims against the company. Britain's interest in seeing all aspects of the Polly–Peck debacle resolved in a single forum is great; in con-

---

**5.** Dismissing this action will not unduly prejudice Plaintiffs. They may, if they have not already, file a notice of claim with the United

Kingdom court, and will be placed in a position similar to that of Polly Peck's other creditors.

trast, New York's interest in hosting the resolution of a suit between Missouri Plaintiffs and a British accounting firm is slight. Further, British law may well apply to the dispute at hand, as Stoy Hayward's activities were carried out within the United Kingdom, and Stoy Hayward conducted its audits under England's generally accepted accounting principles. *See* Def.Mem. at 45–46. There is no reason that this small part of the puzzle should not be sent to England.

Because the Court is dismissing this action based on forum non conveniens grounds, there is no need to reach Defendant's other arguments.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the action against it on forum non conveniens grounds is granted without prejudice to Plaintiffs filing a claim in the United Kingdom proceedings. This action is ordered removed from the Court's active docket.

SO ORDERED.